# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

WILLIAM CHRISTOPHER MOORE
ADC #127360                                                                                              PETITIONER

VS.                                         5:07CV00147 BSM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction                                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.       Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.       An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Background

On June 18, 2007, Petitioner, William Christopher Moore, filed a § 2254 Petition for a Writ of Habeas Corpus. (Docket entry #2.) Respondent has now filed a Response (docket entry #7), to which Petitioner has filed a Reply. (Docket entry #8.) Thus, the issues are joined and ready for disposition.

Before addressing the merits of Petitioner's habeas claims, the Court will review the relevant procedural history of the case. On September 8, 2004, a Sebastian County jury convicted Petitioner of aggravated robbery. (Docket entry #7, Ex. A.) He was sentenced as a habitual offender to 240 months of incarceration in the Arkansas Department of Correction, with 60 months of that sentence suspended. *Id.*

Petitioner appealed his conviction to the Arkansas Court of Appeals, where he argued that

the trial court erred in denying his *Batson* challenge to the State's peremptory strike of an African-American juror. On October 12, 2005, the Arkansas Court of Appeals affirmed his conviction. *Moore v. State*, 92 Ark. App. 453, 215 S.W.3d 688 (2005). Petitioner then filed a Petition for Review with the Arkansas Supreme Court. On December 8, 2005, it denied Petitioner's request for review. (Docket entry #7, Ex. C.)

On April 9, 2007, Petitioner filed a Petition for Reduction of Sentence in Sebastian County Circuit Court, pursuant to Ark. Code Ann. § 16-90-111,[1] on the ground that his sentence was improperly enhanced.[2] (Docket entry #7, Ex. D.) On April 11, 2007, the Sebastian County Circuit Court entered an Order denying the Petition as untimely. (Docket entry #7, Ex. E.) Petitioner did not appeal the denial of postconviction relief.

In this federal habeas action, Petitioner argues that: (1) the trial court erred in denying his *Batson* challenge; (2) his trial counsel was ineffective for failing to adequately litigate his *Batson* challenge; and (3) the trial court improperly enhanced his sentence under the "70% rule." (Docket

---

[1]This statute provides for the correction or reduction of an illegal sentence. A petition for relief under § 16-90-111 is governed by the time limitations for postconviction relief under Rule 37. *See Womack v. State*, 368 Ark. 341, 343, 245 S.W.3d 154, 155 (2006) ("as this court has previously held, section 16-90-111 has been superseded to the extent that it conflicts with the time limitations for postconviction relief under Ark. R.Crim. P. 37.2(c)").

[2]Based on the docket sheet in Petitioner's criminal case, it appears that the jury imposed a 240-month sentence and recommended that 120 months of that sentence be suspended. (Docket entry #2 at 18.) Petitioner claims that the trial court reduced the suspended portion of his sentence from 120 to 60 months based on an improper application of the "70% rule," which requires that prisoners convicted of certain felonies serve at least 70% of the sentenced term of imprisonment before they are eligible for parole or transfer to community punishment. *See* Ark. Code Ann. § 16-93-611(a)(1).

Importantly, under Arkansas law, a jury's recommendation as to a suspended term of imprisonment is *not* binding on the trial court. *See* Ark. Code Ann. § 16-97-101(4); *Sullivan v. State*, 366 Ark. 183, 234 S.W.3d 285 (2006).

entry #2.)  Respondent argues that all of Petitioner's claims are barred by the statute of limitations. (Docket entry #7.)  On December 3, 2008, Petitioner filed a Motion to Dismiss his first two habeas claims, without prejudice.  (Docket entry #19.)

For the reasons discussed below, the Court recommends that Petitioner's Motion to Dismiss be granted, as to his first two claims.  With regard to Petitioner's third claim, the Court recommends that it be denied, on the grounds that it is untimely.

## II.  Discussion

### A.     Petitioner's Motion to Dismiss

In Petitioner's Motion to Dismiss, he concedes that he committed the robbery and asserts that he does not want a retrial.  (Docket entry #19.)  However, Petitioner believes that his "sentence is a little harsh."  *Id.*  Petitioner further states that, to the extent that his habeas relief would be limited to a retrial, as opposed to the reinstatement of the jury's recommended sentence, he wishes to voluntarily dismiss his Petition, without prejudice.  *Id.*

The Court construes Petitioner's Motion as a request to voluntarily dismiss his first two habeas claims (a *Batson* challenge and a claim that counsel was ineffective in litigating his *Batson* challenge) which attack his underlying conviction.  As to these claims, Petitioner's remedy would be a conditional release order allowing the State to retry Petitioner.  *See generally Herrera v. Collins*, 506 U.S. 390, 403 (1993) ("The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner[.]"); *see also Haynes v. Quarterman*, 561 F.3d 535 (5th Cir. 2009) (granting habeas relief based on a *Batson* violation and ordering the state to release or retry the petitioner). Respondent has not filed a Response opposing Petitioner's Motion to Dismiss his first two habeas claims, without prejudice.

Thus, the Court recommends that Petitioner's Motion to Dismiss be granted, and that his first two habeas claims be dismissed, without prejudice.

**B.        Respondent's Statute of Limitations Defense to Petitioner's Third Claim**

In his third habeas claim, Petitioner attacks the validity of his sentence. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations for purposes of § 2244(d)(1)(A) "is triggered . . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

On October 12, 2005, the Arkansas Court of Appeals affirmed Petitioner's conviction, on direct appeal. *Moore v. State*, 92 Ark. App. 453, 215 S.W.3d 688 (2005). Petitioner requested review of the decision from the Arkansas Supreme Court, and, on December 8, 2005, it denied review. Petitioner elected not to petition the United States Supreme Court for certiorari review. Thus, AEDPA's one-year statute of limitations began to run ninety days later, on March 8, 2006, and expired on March 8, 2007, over ninety (90) days *before* Petitioner initiated this action.[3]

Petitioner signed his federal habeas Petition on June 11, 2007, and filed it on June 18, 2007. (Docket entry #2.) Even if Petitioner placed the Petition in the prison mail system on June 11, 2007,

---

[3]Even if Petitioner had not moved to voluntarily dismiss his first two habeas claims, the Court's statute of limitations analysis would apply equally to bar those claims.

it still was untimely by 95 days.[4]

Importantly, AEDPA goes on to provide that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

While Petitioner filed a post-conviction motion in state court on April 9, 2007, it was filed *after* the expiration of the AEDPA limitations period on March 8, 2007. Therefore, it had no tolling effect. *See Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state post-conviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitations period). Thus, Petitioner cannot avail himself of statutory tolling in this case.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

In his Reply, Petitioner acknowledges that he "might have overstepped the statute of

---

[4] The Eighth Circuit has held that, in analyzing whether a federal habeas petition is timely filed by a state prisoner, within AEDPA's limitations period, the "prison mailbox rule" applies. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds*, 523 F.3d 850 (8th Cir. 2008) ("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court"). Under this rule, "a *pro se* inmate's § 2254 petition is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing[.]" *Nichols*, 172 F.3d at 1077 n.5.

limitations boundaries by a couple months." However, Petitioner has not come forward with any explanation as to how equitable tolling is warranted. After carefully reviewing the circumstances of Petitioner's case, the Court concludes that Petitioner has not met his burden to establish equitable tolling.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Motion to Dismiss (docket entry #19) be GRANTED.

2. The Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket entry #2) be DENIED.

3. Petitioner's first two habeas claims be DISMISSED, WITHOUT PREJUDICE, and his third habeas claim be DISMISSED, WITH PREJUDICE.

Dated this 20th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE